# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3603

_____

| | |
|---|---|
| Henrietta Furnish, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri |
| United States of  America, | * |
| | * |
| Appellee. | * |

_____

Submitted:  May 18, 2001

Filed:   June 6, 2001

_____

Before McMILLIAN and BOWMAN, Circuit Judges, and MOODY,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

Henrietta Furnish (appellant) appeals from a final order entered in the United States District Court[2] for the Eastern District of Missouri, denying her motion for relief from federal custody, pursuant to 28 U.S.C. § 2255.  <u>Furnish v. United States</u>, No.

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable Jean C. Hamilton, Chief United States District Judge for the Eastern District of Missouri.

4:98CV147 (E.D. Mo. Sept. 25, 2000) (memorandum and order) (hereinafter "slip op."). For reversal, appellant argues that the district court erred in holding that she failed as a matter of law to establish ineffective assistance of counsel in her direct criminal appeal, under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984) (Strickland) (ineffective assistance of counsel claim requires showing that (1) counsel was constitutionally deficient in his or her performance and (2) the deficiency materially and adversely prejudiced the outcome of the case). For the reasons discussed below, and pursuant to 8th Cir. R. 47B, we affirm the order of the district court.

Briefly summarizing the procedural background, appellant was indicted along with nine other defendants, including her husband, Ronnie Furnish, on one count of conspiracy to distribute, and to possess with the intent to distribute, more than one kilogram each of methamphetamine and heroin. Following a seven-day trial, the jury found appellant guilty. She was sentenced on January 25, 1996, to 300 months imprisonment, five years supervised release, and a fine of $1,000.00. She appealed on the basis that the evidence was insufficient as a matter of law to support the jury's verdict. This court affirmed her conviction. See United States v. Bryson, 110 F.3d 575, 585-86 (8th Cir. 1997). The same attorney represented both appellant and her husband at trial, at sentencing, and on appeal. Appellant had signed a waiver of the attorney's conflict of interest.

Appellant thereafter filed the present action seeking relief from federal custody pursuant to 28 U.S.C. § 2255. In an amended § 2255 motion, she asserted five claims of ineffective assistance of appellate counsel and one claim of ineffective assistance of trial counsel. The district court found each of her claims to be without merit, but granted a certificate of appealability on three of her five claims for relief. Slip op. at 12. The district court dismissed her § 2255 motion with prejudice, and appellant timely appealed on the three certified claims.

Each of the three claims before this court is predicated on appellant's assertion that her appellate counsel (in her direct criminal appeal) was influenced by a conflict of interest resulting from his representation of both appellant and her husband, Ronnie Furnish. As indicated above, the joint representation occurred throughout the trial, sentencing, and direct appeal – after appellant had signed a waiver of the attorney's conflict of interest.[3] Appellant concedes that she signed the waiver, but contends that she did not waive her constitutional right to effective representation. In this § 2255 action, appellant alleges that her attorney was mainly concerned with her husband's success on appeal and consequently failed to raise appellate arguments on her behalf that were meritorious, but did not concern her husband.

In the first of the three § 2255 claims certified for appeal, appellant asserts ineffective assistance of appellate counsel for failure to challenge the drug quantity found to be attributable to her at sentencing. Upon review, we agree with the district court's conclusion that this claim fails as a matter of law under the prejudice prong of the Strickland test. Even if the issue had been raised in appellant's direct criminal appeal, it is not reasonably probable that this court would have held that the district court's drug quantity finding was clearly erroneous, in light of the evidence that was before the district court and the preponderance of evidence standard that applied at sentencing. See slip op. at 7-9.

In the second certified § 2255 claim, appellant asserts ineffective assistance of appellate counsel for failure to challenge the sentencing enhancement she received for being a leader in the conspiracy. Appellant argues that her appellate attorney knew she had a strong argument against the leadership enhancement because the attorney argued

---

[3]The government does not argue that, in light of the signed waiver, appellant is barred as a matter of law from asserting an ineffective assistance of counsel claim based upon her attorney's conflict of interest. Because the issue has not been presented to us, we do not address it.

this point at sentencing and because the attorney successfully raised this issue in her husband's direct appeal. See United States v. Bryson, 110 F.3d at 586. We again agree with the district court that appellant's claim fails under the prejudice prong of the Strickland test. As the district court reasoned, "[t]he testimony both at trial and during sentencing revealed that [appellant] was the source of methamphetamine supply for several other members of the conspiracy" and that appellant "necessarily received a greater portion of the profits from the conspiracy." Slip op. at 9-10.

In the third and final § 2255 claim now before this court, appellant asserts ineffective assistance of appellate counsel for failure to raise the government's use of an allegedly false statement signed by appellant's co-defendant, Linda Sue Bryson. Appellant submitted to the district court, along with her § 2255 motion, an affidavit signed by Bryson declaring that the statement in question was false and that she was pressured by the government into sign it. Upon review of the § 2255 claim, the district court reasoned, and we agree, that appellant has not shown deficiency in her appellate counsel's representation (i.e., the performance prong of the Strickland test) because Bryson's affidavit did not exist until many months *after* the direct appeal had become final. See slip op. at 10-11. Nor is there any basis for believing that, at the time of the direct appeal, appellant's attorney should have or could have known that such evidence might be available.

For the reasons stated, the order of the district court is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-